IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DR. JOHN F. HUSSEY,<br><br>　Plaintiff,<br><br>v.<br><br>THE CITADEL, THE MILITARY COLLEGE OF SOUTH CAROLINA, DEAN BRIAN JONES, IN HIS PERSONAL AND OFFICIAL CAPACITY, AND DR. MELISSA GRAVES, IN HER PERSONAL AND OFFICIAL CAPACITY,<br><br>　Defendants. | Civil Action No. 2:26-cv-2242-RMG-TER<br>　　　　　　　　　_____<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

COMES NOW, Dr. John F. Hussey ("Plaintiff" or "Dr. Hussey"), by and through his undersigned counsel, and files this, his Complaint, and shows the Court as follows:

## **NATURE OF COMPLAINT**

Plaintiff brings this action for damages, equitable relief, and reasonable attorney fees for violations of his rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and 42 U.S.C. § 1983, arising from age-based discrimination and retaliation following his complaint about discriminatory

1

hiring practices. Plaintiff seeks institutional accountability from The Citadel under the ADEA for age-based employment decisions and personal liability from Dean Jones and Dr. Graves under § 1983 for their personal participation in retaliating against Plaintiff's opposition to discriminatory practices.

## PARTIES

1.

Plaintiff Dr. John F. Hussey is a resident of Bluffton, South Carolina, residing at 398 Lake Bluff Drive, Bluffton, South Carolina 29910, within the District of South Carolina. At all times relevant to this action, Plaintiff was employed by Defendant The Citadel as a Visiting Professor in the Department of Intelligence and Security Studies from August 28, 2024, through the spring 2025 semester.

2.

At all times relevant to this action, Plaintiff was 61 years old and therefore a member of the class protected under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., which protects individuals age 40 and older. Plaintiff applied for tenure-track Assistant Professor positions in the Department of Intelligence and Security Studies and the Department of Criminal Justice, as well as a Professor of Practice position in Intelligence.

3.

2

Defendant The Citadel, The Military College of South Carolina, is a public institution of higher education and a state agency of the State of South Carolina with its principal place of business located at 171 Moultrie Street, Charleston, South Carolina 29409.

4.

During all times relevant hereto, Defendant The Citadel has been an employer engaged in an industry affecting commerce and has employed more than 500 employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar years. Defendant The Citadel is therefore an "employer" as defined under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b).

5.

As a public institution and agency of the State of South Carolina operating pursuant to S.C. Code Ann. § 59-121-50, Defendant The Citadel is a "state actor" subject to suit under 42 U.S.C. § 1983. The Citadel Faculty Manual states that "The Citadel is a state agency" and requires all full-time employees to contribute to the South Carolina State Public Employees Retirement Program.

6.

Defendant The Citadel may be served with process by delivering a copy of the summons and complaint to Mark C. Brandenburg, General Counsel, The Citadel, 171 Moultrie Street, Charleston, South Carolina 29409.

7.

Defendant Dean Brian M. Jones is the Dean of the School of Humanities and Social Sciences at The Citadel. Dean Jones made the hiring decision regarding the Assistant Professor positions in the Department of Intelligence and Security Studies, extended the oral offer of the Professor of Practice position to Plaintiff on March 4, 2025, and made discriminatory statements regarding Plaintiff's age. Dean Jones is sued in his personal capacity under 42 U.S.C. § 1983 for money damages arising from violations of Plaintiff's constitutional rights, and in his official capacity as Dean of the School of Humanities and Social Sciences for prospective equitable relief pursuant to 42 U.S.C. § 1983 and *Ex parte Young*, 209 U.S. 123 (1908). At all relevant times, Dean Jones acted under color of state law in making employment decisions. Dean Jones may be served with process at his business address at The Citadel, 171 Moultrie Street, Charleston, South Carolina 29409.

8.

Defendant Dr. Melissa A. Graves is the Department Head of the Department of Intelligence and Security Studies at The Citadel. Dr. Graves invited Plaintiff to

interview for the positions, sent the rescission email on March 5, 2025 withdrawing the employment offer, and received Plaintiff's complaint about age discrimination. Dr. Graves is sued in her personal capacity under 42 U.S.C. § 1983 for money damages arising from violations of Plaintiff's constitutional rights, and in her official capacity as Department Head of the Department of Intelligence and Security Studies for prospective equitable relief pursuant to 42 U.S.C. § 1983 and *Ex parte Young*, 209 U.S. 123 (1908). At all relevant times, Dr. Graves acted under color of state law in making employment decisions. Dr. Graves may be served with process at her business address at The Citadel, 171 Moultrie Street, Charleston, South Carolina 29409.

## **JURISDICTION AND VENUE**

9.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under federal law, specifically the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and 42 U.S.C. § 1983. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which provides for jurisdiction in actions to recover damages under federal civil rights laws.

10.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant The Citadel is located in Charleston, South Carolina, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

11.

Plaintiff has fulfilled all conditions precedent to file this action under the Age Discrimination in Employment Act. Plaintiff filed EEOC Charge Number 415-2025-01967 on July 15, 2025, which was dual-filed with the South Carolina Human Affairs Commission. The EEOC issued a Notice of Right to Sue on March 16, 2026 and Plaintiff received the Notice of Right to Sue on March 16, 2026. More than 180 days have passed since the charge was filed, and this lawsuit is filed within ninety days of receipt of the Notice as required by law. Plaintiff's § 1983 claims require no administrative exhaustion.

## **FACTUAL ALLEGATIONS**

**Plaintiff's Qualifications and Background**

12.

Plaintiff holds a Ph.D. in Criminal Justice Policy, Oversight & Administration from the City University of New York, which he completed in September 2020. Plaintiff also holds five master's degrees, including a Master of Strategic Studies from the United States Army War College, a Master of Public Administration, a

6

Master of Business Administration, a Master of Arts in Criminal Justice Administration, and a Master of Philosophy in Criminal Justice.

13.

Plaintiff is a retired Major General in the United States Army Reserve with over 38 years of military service. Plaintiff's military career included six deployments, four to combat zones in Afghanistan, Iraq, Bosnia, and the Persian Gulf. Plaintiff retired from military service on September 1, 2022.

14.

Plaintiff served for over 34 years in the New York State Unified Court System, retiring as Chief Clerk of Rockland Supreme and County Courts in October 2018. As Chief Clerk, Plaintiff supervised subordinate personnel, allocated court resources, prepared annual budgets, and made employee selection decisions.

15.

Plaintiff has served as an Adjunct Professor at John Jay College of Criminal Justice since August 2021. Plaintiff published a book titled "Inside the Wire: Guarding America's Enemy Prisoners in the Global War on Terror" in September 2024. Plaintiff has published multiple peer-reviewed articles in *Joint Forces Quarterly* and *Military Review*, among other prestigious journals.

7

**Initial Hiring as Visiting Professor**

16.

On August 13, 2024, The Citadel issued an offer letter to Plaintiff for the position of Visiting Professor in the Department of Intelligence and Security Studies. On August 28, 2024, The Citadel hired Plaintiff as a Visiting Professor at a salary of $60,000 per year for a four-course load in a non-tenure-track position.

17.

As Visiting Professor, Plaintiff taught undergraduate and graduate courses including Introduction to Intelligence, Intelligence Support to Military Operations, Intelligence & Security Capstone, Homeland Security, and Advanced Analytics. Plaintiff received positive feedback from faculty and students during his employment as Visiting Professor.

18.

On April 22, 2025, a student wrote to Plaintiff stating that he was "one of the better intelligence professors on campus" and that he "truly challenges students to think." The student also informed Plaintiff: "I was informed that you would not be returning to the school next semester."

**Applications for Permanent Positions**

19.

8

On December 4, 2024, Plaintiff applied for three permanent faculty positions at The Citadel: (1) Assistant Professor in Intelligence and Security Studies (tenure-track, $70,000 annually, three-course load); (2) Professor of Practice in Intelligence (non-tenure, $50,000 annually, five-course load); and (3) Assistant Professor in Criminal Justice (tenure-track).

20.

The job posting for the Assistant Professor in Intelligence and Security Studies position required a Ph.D. from an accredited institution and stated that "All But Dissertation (ABD) candidates may be considered if degree completion is expected prior to August 1, 2025." The job posting for the Assistant Professor in Criminal Justice position contained identical language regarding ABD candidates.

**Interview Process for Intelligence Position**

21.

On January 6, 2025, Dr. Melissa Graves contacted Plaintiff and invited him to interview for both the Assistant Professor position in Intelligence and Security Studies and the Professor of Practice in Intelligence position. During this contact, Dr. Graves indicated that Plaintiff was qualified for the Assistant Professor position based on his credentials and publications.

22.

9

Plaintiff informed Dr. Graves that he wished to interview for the Assistant Professor position, which offered $70,000 annually with a three-course load and was tenure-track, rather than the Professor of Practice position which offered $50,000 with a five-course load and was non-tenured. On February 3, 2025, Dr. Graves sent Plaintiff a formal invitation to interview on campus for the Assistant Professor position at a salary of $70,000.

23.

On February 11, 2025, Plaintiff participated in an on-campus interview where faculty members, including Dr. Graves, Alexandra Henry, and Dr. Patrick Hendrix, observed his Capstone class and conducted an informal lunch interview. The faculty who observed Plaintiff's class agreed that there was a good connection between Plaintiff and the cadets.

24.

On February 13, 2025, Plaintiff attended a formal hiring committee interview during lunch from 12:20 to 1:20 PM. Plaintiff felt confident the Assistant Professor position would be offered to him based on the positive feedback he received throughout the interview process.

**The Discriminatory Offer and Dean's Age-Based Comments**

25.

On March 4, 2025, Plaintiff met with Dean Brian Jones regarding the Assistant Professor position. Dean Jones did not offer Plaintiff the tenure-track Assistant Professor position for which he had interviewed. Instead, Dean Jones offered Plaintiff the Professor of Practice position at $50,000 annually with a five-course load.

26.

The Professor of Practice position represented a $20,000 reduction from the Assistant Professor salary Plaintiff had interviewed for and a $10,000 reduction from Plaintiff's current salary as Visiting Professor, with an additional course added to his workload. The Professor of Practice position was non-tenure-track and carried no research expectations.

27.

When Plaintiff asked about the Assistant Professor position, Dean Jones stated: "I am trying to bring new people in here, I am looking out at the next 20 to 30 years." Plaintiff, who was 61 years old at the time, perceived this as a statement that he was "too old" for the position.

28.

When Plaintiff informed Dean Jones that the other candidates did not have their Ph.D.s, Dean Jones stated: "Both candidates have terminal degrees." Plaintiff

11

later confirmed by reviewing the candidates' resumes that Hope Danielle LaFreniere was still a doctoral candidate at the University of Massachusetts Lowell and had not yet earned her Ph.D. at the time of the hiring decision.

**Plaintiff's Statement of Continued Interest Post-Offer**

29.

Following his meeting with Dean Jones on the afternoon of March 4, 2025, Plaintiff called Dr. Graves on his way home and expressed his dissatisfaction with the offer.

30.

Plaintiff told Dr. Graves he felt he had done more than expected for the Department under difficult circumstances and was more qualified than the candidates selected for the Assistant Professor positions.

31.

Although frustrated with the terms of the offer, Plaintiff did not reject it. Plaintiff stated that he wanted to review the credentials of the other candidates before addressing the matter in greater detail.

**Comparator Evidence**

32.

12

Hope Danielle LaFreniere was selected for one of the two Intelligence and Security Studies Assistant Professor positions. At the time of the hiring decision, Ms. LaFreniere was a doctoral candidate (ABD) at the University of Massachusetts Lowell with an expected Ph.D. completion date of May 2025. Ms. LaFreniere had served as Instructor of Record for only two semesters teaching one course and had published two peer-reviewed articles.

33

Dr. Bethan Johnson was selected for the second Intelligence and Security Studies Assistant Professor position. Dr. Johnson received her Ph.D. in History from the University of Cambridge in 2021. Dr. Johnson's research focused primarily on extremism and counter-terrorism.

34.

In contrast to the selected candidates, Plaintiff held a terminal Ph.D. in Criminal Justice (completed 2020), five master's degrees, over 38 years of military experience as a Major General, over 34 years of court system experience, had published a book in 2024, had published several articles in major journals, and had been teaching successfully at The Citadel as Visiting Professor since August 2024.

**Protected Activity - Complaint of Age Discrimination**

35.

13

On the morning of March 5, 2025, before 9:18 AM, Plaintiff called Dr. Melissa Graves to complain about Dean Jones's conduct. Plaintiff told Dr. Graves that Dean Jones had essentially told him he was "too old" by stating that he wanted to bring in "new people" and was looking out for "the next 20 to 30 years."

36.

Plaintiff also complained to Dr. Graves that Dean Jones had been disingenuous when he stated that "both candidates have terminal degrees" when Hope Danielle LaFreniere clearly did not have her Ph.D. at the time of the hiring decision. Plaintiff informed Dr. Graves that this false statement violated The Citadel's honor code.

37.

Plaintiff's complaint to Dr. Graves constituted protected activity under both the Age Discrimination in Employment Act, 29 U.S.C. § 623(d), and the First Amendment as speech on a matter of public concern regarding discriminatory hiring practices at a public institution.

38.

During the March 5 phone call, after Plaintiff raised his age discrimination complaints, Dr. Graves expressed concern that Plaintiff would not get along with the newly selected candidates. Plaintiff denied this, asking Dr. Graves whether he had

14

experienced any issues with anyone during his time at The Citadel. Dr. Graves acknowledged that he had not. Plaintiff explicitly told Dr. Graves that he was disappointed with the outcome but remained interested in the position, and he asked her to go back to Dean Jones to request reconsideration of the salary or course load. Dr. Graves responded that there was no room for negotiation.

39.

Throughout March 4 and the morning of March 5, Plaintiff sought to negotiate the terms of the Professor of Practice position while never rejecting it outright. Critically, The Citadel did not withdraw the offer in response to any of Plaintiff's course load requests on March 4, not during his meeting with Dean Jones, and not during his call with Dr. Graves that evening. The offer remained open.

**Adverse Action - Rescission of Offer and Temporal Proximity**

40.

At 9:18 AM on March 5, after Plaintiff had already complained to Dr. Graves about Dean Jones's discriminatory statements, Dr. Graves emailed Plaintiff confirming "the dean's offer stands" and inviting acceptance by close of business. At 10:38 AM, Plaintiff responded: "I will accept the position based on what we discussed, two in person courses and two distance courses".

41.

15

At 11:01 AM on March 5, 2025, Dr. Graves sent an email to Plaintiff, with Dean Brian Jones, HR Director Leah Schonfeld, and Kevin Bower copied, stating: "Based upon our conversations over the past 24 hours, it's clear that you do not want the Professor of Practice position. It's also clear that you lack confidence in the leadership of the department and the school. We are rescinding the oral offer that the dean extended to you yesterday."

42.

This rescission occurred on the same day as Plaintiff's complaint about age discrimination, within hours of Plaintiff's protected activity, and approximately 23 minutes after Plaintiff's written acceptance of the position. The stated reason for the rescission was that Plaintiff did not want the position, despite his written acceptance at 10:38 AM that same morning.

43.

Plaintiff immediately called Dr. Graves and informed her that the rescission email was not accurate and that he had never said he did not want the position. Plaintiff then contacted Dean Jones to ask him to reconsider the rescission. Dean Jones told Plaintiff "No."

**Failure to Interview for Criminal Justice Position**

44.

16

Plaintiff applied for the Assistant Professor position in Criminal Justice (Position 496603) on December 4, 2024, but was never interviewed for the Criminal Justice position despite his qualifications, veteran status, and terminal Ph.D. in Criminal Justice.

45.

On May 20, 2025, Plaintiff received an email from The Citadel's Office of Human Resources informing him that the Criminal Justice position had been filled. The Citadel hired Mitchell Allen Farrell, a doctoral candidate who was scheduled to defend his dissertation in June 2025, for the Criminal Justice Assistant Professor position.

46.

At the time of hire, Mr. Farrell was a doctoral candidate (ABD) without a terminal degree. Plaintiff held a terminal Ph.D. in the exact field of the position - Criminal Justice - and was actively employed at The Citadel as Visiting Professor at the time of the hiring decision, yet he was not granted an interview.

**Damages**

47.

As a result of Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered economic damages including lost wages, lost benefits, and lost retirement

contributions. Plaintiff should have been earning $70,000 annually as a tenure-track Assistant Professor with a three-course load but has instead been forced to work as an adjunct at multiple institutions for significantly lower pay.

48.

Plaintiff has also suffered emotional distress, humiliation, and exacerbation of his service-connected PTSD as a result of Defendants' unlawful conduct. Plaintiff has lost the opportunity for a tenure-track position with job security, professional advancement, and the ability to mentor students at The Citadel.

## CLAIMS FOR RELIEF

## COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623(a)

(Against Defendant The Citadel)

49.

Plaintiff re-alleges and incorporates paragraphs 1 through 48 as if fully set forth herein.

50.

At all relevant times, Plaintiff was 61 years old and a member of the class protected under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

51.

18

Plaintiff was qualified for the tenure-track Assistant Professor positions, holding a terminal Ph.D., five master's degrees, 38 years of military experience, 34 years of court system experience, published scholarship, and successful teaching performance at The Citadel.

52.

Defendant took adverse employment actions against Plaintiff, including: (a) denial of the tenure-track Assistant Professor position in Intelligence and Security Studies despite his interview and superior qualifications; (b) offering a materially inferior Professor of Practice position at $20,000 less annually with increased workload; and (c) failure to interview Plaintiff for the Criminal Justice Assistant Professor position.

53.

Defendant's actions were motivated by Plaintiff's age. Dean Jones explicitly stated he was "looking out at the next 20 to 30 years" and wanted to "bring new people in here." Dean Jones also falsely stated "both candidates have terminal degrees" when Hope Danielle LaFreniere was ABD, demonstrating pretext.

54.

Defendant violated 29 U.S.C. § 623(a) by discriminating against Plaintiff because of his age.

19

55.

As a direct and proximate result of Defendant's age discrimination, Plaintiff has suffered harm, including loss of a tenure-track faculty position, lost professional advancement opportunities, and damage to his career and professional reputation.

56.

Defendant's violations of the Age Discrimination in Employment Act were willful, as Dean Jones's age-based statements and the pattern of hiring decisions demonstrate that Defendant knew or showed reckless disregard for whether its conduct was prohibited by federal law.

57.

Defendant The Citadel is liable to Plaintiff for prospective equitable relief, including reinstatement to a tenure-track Assistant Professor position and an order requiring Defendant to cease its discriminatory hiring practices, together with reasonable attorney's fees and costs pursuant to 29 U.S.C. § 626(b).

## COUNT II – RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623(d)

(Against Defendant The Citadel)

58.

20

Plaintiff re-alleges and incorporates paragraphs 1 through 57 as if fully set forth herein.

59.

Plaintiff engaged in protected activity under the ADEA when, on March 5, 2025, he complained to Dr. Melissa Graves that Dean Jones had made age-discriminatory statements.

60.

Defendant took adverse employment action against Plaintiff when, within hours of Plaintiff's complaint, Dr. Graves rescinded the oral employment offer at 11:01 AM on March 5, 2025, approximately 23 minutes after Plaintiff's written acceptance.

61.

Plaintiff's protected activity was a substantial motivating factor in Defendant's adverse action, as demonstrated by: (a) extreme temporal proximity—rescission on the same day and within hours of the complaint; (b) the rescission email's reference to "conversations over the past 24 hours"; and (c) pretextual reasons, including the false claim that Plaintiff did not want the position despite his written acceptance.

62.

21

Defendant's conduct violated 29 U.S.C. § 623(d), which prohibits retaliation against individuals who oppose practices made unlawful by the ADEA.

63.

Plaintiff engaged in speech protected by the First Amendment when he complained to Dr. Graves on March 5, 2025, about age discrimination in the hiring process. This complaint addressed a matter of public concern rather than a personal employment grievance, primarily because it involved the systematic exclusion of qualified, older candidates from faculty positions at a state-funded public institution and the integrity of The Citadel's compliance with federal anti-discrimination law. These are matters in which the public has a legitimate interest independent of Plaintiff's own employment outcome.

64.

Under the *Pickering v. Board of Education* balancing test, Plaintiff's interest as a citizen in speaking out about illegal discriminatory conduct at a public institution outweighs any interest Defendants may assert in restricting that speech to promote internal efficiency. The retaliatory rescission of a job offer within hours of Plaintiff's complaint demonstrates that Defendants prioritized silencing protected speech over any legitimate operational concern.

22

## COUNT III – RETALIATION IN VIOLATION OF THE FIRST AMENDMENT AND 42 U.S.C. § 1983

(Against Defendants Dean Brian M. Jones and Dr. Melissa A. Graves in Their Personal Capacities)

65.

Plaintiff re-alleges and incorporates paragraphs 1 through 64 as if fully set forth herein.

66.

Defendants Dean Brian M. Jones and Dr. Melissa A. Graves are state actors who acted under color of state law in making employment decisions at The Citadel, a public institution and state agency.

67.

Plaintiff engaged in speech protected by the First Amendment when he complained to Dr. Graves on March 5, 2025, about age discrimination in the hiring process. This complaint addressed a matter of public concern: discriminatory employment practices at a public educational institution and compliance with federal anti-discrimination laws.

68.

23

Under the *Pickering v. Board of Education* balancing test, Plaintiff's interest in speaking about illegal discriminatory conduct outweighs The Citadel's interest in promoting workplace efficiency.

69.

Plaintiff's protected speech was a substantial or motivating factor in the adverse action. The rescission occurred within approximately 23 minutes of Plaintiff's complaint. Defendants would not have taken the same action but for the protected speech, as evidenced by the temporal proximity and pretextual stated reasons.

70.

Defendants Jones and Graves, acting in their personal capacities, violated Plaintiff's First Amendment rights as secured by 42 U.S.C. § 1983.

71.

As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered economic and non-pecuniary damages, including loss of wages, benefits, emotional distress, and damage to his professional reputation.

72.

Defendants' actions were undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

24

73.

Defendants Jones and Graves are therefore liable to Plaintiff for compensatory damages, punitive damages, reasonable attorney's fees and costs, and all other relief available under 42 U.S.C. § 1983.

## COUNT IV – PROSPECTIVE EQUITABLE RELIEF UNDER EX PARTE YOUNG

(Against Defendants Dean Brian M. Jones and Dr. Melissa Graves in their Official Capacities)

74.

Plaintiff re-alleges and incorporates paragraphs 1 through 73 as if fully set forth herein.

75.

Although The Citadel, as an agency of the State of South Carolina, is immune from suit for damages under the Eleventh Amendment, that immunity does not bar federal courts from granting prospective equitable relief against state officials acting in their official capacities to remedy ongoing violations of federal law. Accordingly, Defendants Dean Brian M. Jones and Dr. Melissa A. Graves are named in their official capacities solely for the purpose of prospective injunctive relief.

76.

25

At all relevant times, Dean Jones, as Dean of the School of Humanities and Social Sciences, held authority over faculty hiring decisions within his school, including the tenure-track Assistant Professor positions in the Department of Intelligence and Security Studies and the extension and rescission of employment offers. Dr. Graves, as Department Head of the Department of Intelligence and Security Studies, exercised supervisory authority over faculty hiring and was directly responsible for communicating and executing the decision to rescind Plaintiff's offer of employment on March 5, 2025. Both officials acted under color of state law in carrying out these functions.

77.

The unlawful conduct alleged herein, specifically, the age-based denial of a tenure-track position and the retaliatory rescission of the Professor of Practice offer, reflects ongoing institutional practices and employment decision-making authority vested in these officials. The threat of continued violation is not speculative: Plaintiff remains in the market for faculty employment, Defendants retain the same institutional roles and authority, and The Citadel has not remediated or acknowledged the unlawful conduct. To the extent these officials continue to enforce or perpetuate employment practices that discriminate on the basis of age or retaliate

26

against protected activity in violation of federal law, prospective relief is necessary and appropriate.

78.

Accordingly, Plaintiff seeks an order requiring Defendants Dean Brian M. Jones and Dr. Melissa A. Graves, in their official capacities, to: (a) cease and desist from any ongoing pattern, practice, or policy of age-based discrimination or retaliation against Plaintiff or other faculty applicants in violation of the ADEA and the First Amendment; (b) reinstate Plaintiff to a tenure-track Assistant Professor position at The Citadel, or provide front pay in lieu thereof should reinstatement prove impracticable; and (c) implement non-discriminatory hiring policies and mandatory anti-discrimination training within the School of Humanities and Social Sciences and the Department of Intelligence and Security Studies to prevent future violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dr. John F. Hussey respectfully requests that this Court enter judgment in his favor and against the Defendants, and grant the following relief:

(a) Award Plaintiff a trial by jury as to all triable issues of fact;

**Against Defendant The Citadel (ADEA Claims, Counts I and II):**

27

(b) Issue a declaratory judgment that Defendant The Citadel violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., by discriminating against Plaintiff on the basis of age in its faculty hiring decisions and by retaliating against Plaintiff for opposing unlawful employment practices;

(c) Issue prospective injunctive relief ordering Defendant The Citadel to reinstate Plaintiff to a tenure-track Assistant Professor position and to implement non-discriminatory hiring policies and mandatory anti-discrimination training within the School of Humanities and Social Sciences and the Department of Intelligence and Security Studies;

**Against Defendants Dean Brian M. Jones and Dr. Melissa A. Graves in Their Personal Capacities (§ 1983 Claims, Count III):**

(e) Award Plaintiff compensatory damages against Defendants Dean Brian M. Jones and Dr. Melissa A. Graves, in their personal capacities, for economic harm, mental and emotional suffering, humiliation, exacerbation of service-connected post-traumatic stress disorder, and damage to professional reputation caused by their unlawful retaliation in violation of the First Amendment and 42 U.S.C. § 1983;

(f) Award Plaintiff punitive damages against Defendants Dean Brian M. Jones and Dr. Melissa A. Graves, in their personal capacities, based on their willful,

malicious, and recklessly indifferent violations of Plaintiff's clearly established constitutional rights under 42 U.S.C. § 1983;

**Against Defendants Dean Brian M. Jones and Dr. Melissa A. Graves in Their Official Capacities (Prospective Equitable Relief, Count IV):**

(g) Issue an injunction requiring Defendant Dean Brian M. Jones, in his official capacity as Dean of the School of Humanities and Social Sciences, and Defendant Dr. Melissa A. Graves, in her official capacity as Department Head of the Department of Intelligence and Security Studies, to: (i) cease and desist from any ongoing pattern, practice, or policy of age-based discrimination or retaliation against Plaintiff or other faculty applicants in violation of the Age Discrimination in Employment Act and the First Amendment; (ii) reinstate Plaintiff to a tenure-track Assistant Professor position at The Citadel, or provide front pay in lieu thereof should reinstatement prove impracticable; and (iii) implement non-discriminatory hiring policies and mandatory anti-discrimination training within the School of Humanities and Social Sciences and the Department of Intelligence and Security Studies to prevent future violations;

**Relief Common to All Claims:**

29

(h) Award Plaintiff declaratory relief establishing that Defendants violated Plaintiff's rights under the Age Discrimination in Employment Act and the First Amendment to the United States Constitution;

(i) Award Plaintiff reasonable attorney's fees and expenses of litigation pursuant to 29 U.S.C. § 626(b) and 42 U.S.C. § 1988;

(j) Award Plaintiff prejudgment and post-judgment interest as allowed by law; and

(k) Grant such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted this 5th day of June, 2026.

**BARRETT & FARAHANY**

s/ *Constance Cooper*

Constance Cooper (admitted pro hac vice)
South Carolina Bar No. 103505
P.O. Box 530092
Atlanta, Georgia 30353
(470) 730-4127
constance@justiceatwork.com

s/ *Briana Barnett*

Briana Barnett (pro hac vice forthcoming)
Alabama Bar No. 1943M67R
P.O. Box 530092
Atlanta, Georgia 30353
(205) 390-0755
bbarnett@justiceatwork.com


*Counsel for Plaintiff Dr. John F. Hussey*
**BARRETT & FARAHANY**

31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DR. JOHN F. HUSSEY,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITADEL, THE MILITARY COLLEGE OF SOUTH CAROLINA, DEAN BRIAN JONES, IN HIS PERSONAL AND OFFICIAL CAPACITY, AND DR. MELISSA GRAVES, IN HER PERSONAL AND OFFICIAL CAPACITY,<br><br>    Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2026, I electronically filed the foregoing **COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Mark C. Brandenburg
General Counsel
The Citadel
171 Moultrie Street
Charleston, SC 29409

32

Telephone: (843) 953-5252
mark.brandenburg@citadel.edu


/s/ Constance Cooper
Constance Cooper
South Carolina Bar No. 103505